# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | 3:11-CR-0033 |
| v. | |
| | (JUDGE CAPUTO) |
| JOSEPH P. DONAHUE, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court are a number of pretrial motions filed by Defendant Joseph P. Donahue. (Docs. 13; 14; 20; 21; 22; 41; 46; 53; 66; 98.) For the foregoing reasons, Defendant's motions will be granted in part and denied in part.

## I. Background

The facts are as set forth in the Government's Brief in Opposition to Suppression of Evidence Seized Pursuant to Search of Vehicle (Doc. 49) and Defendant's Brief in Support of his Supplemental Motions. (Doc. 99.)

In 2008, a criminal prosecution was initiated against Joseph P. Donahue ("Donahue") after a federal grand jury returned a multi-count indictment against him in the Middle District of Pennsylvania. (Doc. 49.) The case proceeded to trial and a jury found Donahue guilty of all charges contained in the superceding indictment. (*Id*.) Donahue appeared before the Honorable James M. Munley on December 2, 2010 for sentencing. (*Id*.) Donahue was sentenced to a term of incarceration of 121 months and was ordered to surrender to the Federal Bureau of Prisons or the United States Marshal Service on January 4, 2011 to commence his sentence of imprisonment. (*Id*.)

Donahue failed to surrender on January 4, 2011. (Doc. 99.) As such, the United States Attorney's Office for the Middle District of Pennsylvania obtained a warrant for Donahue's arrest. (*Id*.)

On January 20, 2011, the United States Marshal Service in Las Cruces, New Mexico,

was advised that Donahue was in the Las Cruces area and that he had an outstanding warrant for his arrest. (*Id*.) Later that day, a vehicle associated with Donahue was located in the parking lot of the Plaza Suites hotel. (*Id*.) Deputy United States Marshall (D.U.S.M.) Steven Archuleta contacted hotel management and set up a surveillance of the vehicle. (*Id*.) A short time later, Donahue was observed walking towards the car. (*Id*.)

Donahue opened the car door and sat down, but while his legs were partially outside the vehicle, he was called out of the car by D.U.S.M. Archuleta. (*Id*.) Donahue was arrested without incident and a search of his person revealed a large amount of cash and a hotel room key. (Docs. 49; 99.) D.U.S.M. Archuleta then used the seized key to gain access to Donahue's hotel room without first obtaining a search warrant. (Doc. 99.) Furthermore, D.U.S.M. Sharon Summa advised D.U.S.M. Archuleta to seize Donahue's vehicle and all his property as evidence. (*Id*.)

The vehicle was towed to the United States Marshal's secured parking area where the vehicle was photographed and evidence was gathered. (*Id*.) The evidence included a black suitcase, a large black nylon bag, and a black and blue gym bag. (*Id*.) All three bags were closed. *(Id*.)

The next day, the FBI seized Donahue's vehicle and arrangements were made for D.U.S.M. Archuleta to turn over the seized evidence to FBI Special Agent Alfredo Viera. (*Id*.) On January 25, 2011, D.U.S.M. Archuleta and Special Agent Viera met to inventory the evidence in the possession of the Marshals. (Doc. 49.) While inventorying the contents of the bags, a .40 caliber handgun was found inside the gym bag. (*Id*.)

As a result of these events, Donahue was charged with failure to surrender in violation of 18 U.S.C. § 3416. Now, Donahue has filed a number of motions for discovery and suppression of evidence. As the time to brief these motions has expired, they are now ripe for disposition.

## II. Discussion

**A.     Motion for Notice of Rule 404(b) Evidence (Doc. 13)**

Donahue seeks a Court order requiring the Government to provide pretrial notice of

2

its intention to rely upon other crimes, wrongs, acts, and misconduct evidence at trial.

Federal Rule of Evidence 404(b) permits the admission of evidence of other crimes, wrongs or acts for certain enumerated purposes, provided that, upon request by the accused, the government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial. In order to be admissible under Rule 404(b), (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rules 401 and 402; (3) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002).

The Government has not responded to Donahue's motion. As such, the motion is granted, and the Government shall provide notice of any Rule 404(b) evidence that it intends to offer at trial no later than ten (10) days prior to trial.

**B.     Motion for Attorney Conducted Voir Dire (Doc. 14)**

Donahue requests the Court to permit him to conduct personal voir dire in order to make reasonable inquiry of the prospective jurors' perceptions regarding certain facts related to the Government's case. The request will be denied. The Court's standard procedure in conducting voir dire in a criminal case is to permit questions to be asked of the panel as a whole and, where indicated by privacy concerns or the prospect of tainting other jurors, individual voir dire out of the hearing of the other prospective jurors is conducted. The subject matter about which Donahue is concerned can then be addressed by questions asked by his counsel. Therefore, Donahue's motion will be denied.

**C.     Motion to Produce and Inspect Grand Jury Proceedings (Doc. 20)**

Donahue requests an order permitting the production and inspection of grand jury proceedings in this case. Specifically, Donahue argues that false information was provided to the grand jury as the result of the perjury of a Government witness. (*Id.*)

Donahue is not entitled to the transcripts of the grand jury proceedings. The Supreme Court has consistently emphasized that "the proper functioning of our grand jury

3

system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Ca. v. Petrol Stops Nw.*, 441 U.S. 211, 218, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979). Despite this general policy of secrecy, the Federal Rules of Criminal Procedure allow the court to order disclosure of grand jury matters "preliminarily to or in connection with a judicial proceeding." Fed R.Crim. P. 6(e)(3)(E)(I). In order to obtain a grand jury transcript under Rule 6(e)(3)(E)(i), parties "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need to disclose is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222. Parties must also demonstrate a "particularized need" for the disclosure, such as impeachment or refreshing the recollection of a witness. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958); *see also In re Grand Jury Matter*, 682 F.2d 61, 64 (3d Cir. 1982). In *United States v. Minerd*, 299 F. App'x 110 (3d Cir. 2008), a defendant requested grand jury transcripts on the grounds that they were necessary to prove that the government committed fraud before the grand jury. The Third Circuit upheld the district court's decision to deny the defendant's motion, determining that the "vague allegation" did not constitute a particularized need where nothing in the record showed a basis for dismissal of the indictment. *Id*. at 111–12.

Here, Donahue has not met the standard for disclosure of grand jury materials. Like the defendant in *Minerd*, Donahue simply concludes that "false information was provided to the Grand Jury as a result of the perjury of a Government witness." (Doc. 20.) This conclusory allegation alone, however, does not demonstrate a particularized need for disclosure. *Minerd*, 299 F. App'x at 111. As such, Donahue's motion to inspect the grand jury transcripts will be denied.

**D. Motion for Early Disclosure of Jencks Material (Doc. 21)**

Donahue requests an order compelling the Government to provide early disclosure of Jencks material. The Jencks Act states that in federal criminal prosecutions, the Government need not produce any statement or report made by a Government witness or prospective Government witness (excluding the defendant) until the witness has testified

4

on direct examination at trial. *See* 18 U.S.C.A. § 3500(a). After direct examination, however, "the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in possession of the United States which relates to the subject matter as to which the witness has testified." *Id*. § 3500(b). Federal Rule of Criminal Procedure 26.2 has extended the Jencks Act so that production of statements is also required after testimony of a Government witness at a preliminary hearing, sentencing, probation hearing, detention hearing, or Rule 8 hearing. *See* Fed.R.Crim.P. 26.2(g).

However, a district court does not have the power to compel early production of Jencks material. *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir.1978); *United States v. Moyer*, 726 F. Supp. 2d 498, 513 (M.D. Pa. 2010). Here, the Government has indicated that the Jencks material will be provided the Friday before trial. (Doc. 29.) Although the Government may choose to provide the material earlier as a courtesy, *see Murphy*, 569 F.2d at 773 n.5, nothing in the Jencks Act, the Federal Rules of Criminal Procedure, or Third Circuit precedent requires early disclosure. As such, Donahue's motion will be denied.

**E.     Motion for List of Witnesses and Witness Statements (Doc. 22)**

Donahue seeks a Court order requiring the Government to produce a list of witnesses that may be called to testify at trial and written or oral statements made by witnesses or Defendant. The Government asserts that it is not aware of any purely exculpatory *Brady* material at the present time. (Doc. 29.) However, the Government asserts that it may have *Giglio* material to provide to Donahue, and, if so, the *Giglio* material will be provided on the Friday prior to trial. (*Id*.)

Generally, the Government is under no obligation to supply the defendant with a list of witnesses. *See United States v. Delisser*, No. 10-82, 2011 WL 843947, at *2 (D.N.J. Mar. 8, 2011) (citing *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir.1972)); *United States v. Nestor*, No. 09-398, 2010 WL 3191888, at *5 (M.D. Pa. Aug. 11, 2010 ) (the defendant is not entitled to a list of the Government's witnesses)). And, as the Court finds no reason for such a list to be produced, Donahue's request for a list of witnesses will be denied.

Furthermore, Donahue's request for evidence affecting the credibility of Government witnesses is premature. *See United States v. Moyer*, 726 F. Supp. 2d 498, 513 (M.D. Pa. 2010). While this evidence must be turned over prior to trial, *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), impeachment evidence may be disclosed to the defense as late as the day that the witness will testify in court. *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983). The Government claims that it intends to turn this information over to the defense the Friday before trial. This schedule is sufficient. And, as the Government has acknowledged that *Brady* material will be provided to Donahue should any be discovered, Defendant's motion will be denied.

F. **Motion for Return of Property (Doc. 46)**

Donahue seeks a Court order requiring the Government to return his personal property seized by the United States Marshal Service on the day he was arrested. (Doc. 46.) Donahue argues that the Government can make copies and/or photographs of the evidence for use at trial, and then return the items. In opposition, the Government argues that the original evidence is necessary to the resolution of this case. (Doc. 55.)

> Rule 41(g) of the Federal Rules of Criminal Procedure provides:
>
> **Motion to Return Property**. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). When a motion for return of property is made while a criminal prosecution is pending, the burden is on the moving party to show why he is entitled to the property. *United States v. Davies*, No. 08–253, 2010 WL 3024844, at *6 (M.D. Pa. July 29, 2010) (citing *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). Generally, a Rule 41(g) motion will be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband, or the government's need for the property as evidence continues. *Id*. (citing *Chambers*, 192 F.3d at 377 (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991))).

Here, Donahue has not met his burden to prove why he is entitled to the property. As his criminal prosecution is pending, Donahue has the burden to establish that he is entitled to the property. And, while Donahue argues that the property is not contraband, the Government has asserted that the property seized will be used as evidence in this case. As such, the Government's ongoing need for the property as evidence in this case warrants the denial of Donahue's motion. *See, e.g., United States v. Stanton*, No. 10-800, 2012 WL 2159355, at *6 (E.D. Pa. June 14, 2012).

**G.    Motion for Release of Reports, Records, and Documents (Doc. 53)**

Donahue has filed a *pro se* Motion for Order Directing the United States Marshal Service to Release Reports, Records, and Documents to Defendant. (Doc. 53.) As Donahue is represented by counsel, this *pro se* motion will be stricken from the record.

**H.    Motions to Produce (Docs. 66, 98)**

Donahue seeks a Court order directing the United States Attorney's Office to produce audio tapes and transcripts of telephone conversations of Defendant while incarcerated at the Lackawanna County Prison. (Doc. 66.) In his supplemental motion, Donahue argues that the Court should grant a hearing on the audibility, authenticity, and admissibility of the recorded conversations and accuracy of the transcripts. (Doc. 98.)

In response, the Government argues that Donahue is entitled to a hearing on the admissibility of the prison telephone calls and the accuracy of the transcripts prepared thereof. (Doc. 102.) According to the Government, the admissibility of the recordings and transcripts are governed by Rule 901 of the Federal Rules of Evidence, which post-dates and supersedes *United States v. Starks*, 515 F.2d 112 (3d Cir. 1975). Nevertheless, the Government asserts that evidence of the (1) creation; (2) accuracy; (3) storage; (4) legibility of the telephone calls; (5) identity of the participants of the telephone calls; and (6) accuracy of the transcripts of the telephone calls will satisfy both Rule 901 and *Starks*. Accordingly, Donahue's motion and supplemental motion will be granted insofar as they request a hearing on the accuracy and admissibility of the telephone calls and transcripts.

## I. Motions to Suppress (Docs. 41, 98)

The Fourth Amendment guarantees that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. "What is reasonable depends upon all of the circumstances surrounding the search or seizure and the nature of the search or seizure itself." *United States v. Montoya de Hernandez*, 473 U.S. 531, 537, 105 S. Ct. 3304, 87 L. Ed. 2d 381 (1985).

Here, Donahue seeks to suppress all evidence seized pursuant to the search of his automobile. (Doc. 41.) Donahue argues that there was no probable cause to search the vehicle interior, the trunk, or the containers within the car. (Doc. 42.) Furthermore, Donahue asserts that there was no consent or exigent circumstances which justified the search of his vehicle. (*Id*.) And, Donahue alleges that the search of the hotel room without a warrant and/or probable cause violated his Fourth Amendment rights. (Doc. 99.) In opposition, the Government argues that the vehicle search was a lawful inventory search and/or proper pursuant to the automobile exception to the warrant requirement. (Doc. 49.) Furthermore, the Government indicates that the facts at a suppression hearing will demonstrate that Donahue vacated the hotel prior to the search of the room. (Doc. 99.)

Based on the facts as presented by the parties, the Court will hold an evidentiary hearing prior to ruling on Donahue's suppression motions. Pursuant to the Federal Rules of Criminal Procedure, an evidentiary hearing on a motion to suppress is not granted as a matter of course. *See* Fed. R. Crim. P. 12(c). Instead, "[t]o require a hearing, a suppression motion must raise 'issues of fact material to the resolution of the defendant's constitutional claim.'" *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010) (quoting *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996)). A motion to suppress requires an evidentiary hearing "if the motion is sufficiently specific, non-conjectural, and detailed to enable the court to conclude that (1) the defendant has presented a colorable constitutional claim, and

(2) there are disputed issues of material fact that will affect the outcome of the motion to suppress." *Id*. (citing *Voigt*, 89 F.3d at 1067). The purpose of an evidentiary hearing in the context of a suppression motion "is to assist the court in ruling upon a defendant's specific allegation of unconstitutional conduct." *Id*.

Donahue's motion sufficiently alleges a constitutional violation. To raise a constitutional claim in a motion to suppress evidence, "a defendant must state that a violation occurred and allege facts that, if true, would support a finding that the evidence in question was obtained in violation of the defendant's constitutional rights." *Id*. (citing *United States v. Brink*, 39 F.3d 419, 424 (3d Cir. 1994)). Here, Donahue has sufficiently asserted that his Fourth Amendment rights were violated by arguing that: (1) his hotel room was searched without a warrant and/or probable cause; (2) his vehicle was illegally seized after Donahue was only viewed to have been partially in the legally parked vehicle; and (3) the containers in his vehicles were unlawfully searched after his vehicle was illegally seized.

Moreover, Donahue has raised "an issue of material fact by submitting evidence that, if true, would tend to establish an essential element of his or her claim that evidence was obtained unconstitutionally." *Hines*, 628 F.3d at 107. In particular, Donahue has argued, contrary to the Government's assertion, that he had not abandoned his hotel room. As such, Donahue has raised an issue of fact over whether he was in possession of the hotel room when the warrantless search occurred. Furthermore, Donahue has raised an issue of fact as to whether the search of his automobile was reasonable as it occurred after he had already been arrested by D.U.S.M. Archuleta. Accordingly, the Court will conduct an evidentiary hearing before ruling on Donahue's suppression motions.

### III. Conclusion

For the above stated reasons, Defendant's motions will be granted in part and denied in part.

An appropriate order follows.

| | |
|---|---|
| July 12, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |